IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. CV-00-B-0823--NE |
| FAMILY CENTER INC. d/b/a FAMILY MART, | § § § | |
| Defendant. | § § § § | |

**CONSENT DECREE**

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., guarantees workers that they will be free from employment discrimination on the basis of sex, including pregnancy.

On March 31, 2000, the Equal Employment Opportunity Commission ("EEOC") filed suit in this court against Family Center Inc. d/b/a Family Mart. The EEOC's Complaint alleged that Family Center Inc. d/b/a Family Mart had discriminated against Shiquita Fields by discharging her because she was pregnant.

Family Center Inc. d/b/a Family Mart denied in substance that it had discriminated against Shiquita Fields.

I. GENERAL PROVISIONS

The Plaintiff and Defendant are desirous of settling this action by Consent Decree and agree to the jurisdiction of this court concerning all issues involving the violations alleged in the

Complaint.

This Decree, being entered with the consent of the EEOC and Family Center Inc. d/b/a Family Mart, shall not constitute an adjudication or finding on the merits of the case and shall in no manner be construed as an admission by Family Center Inc. d/b/a Family Mart of any violation of Title VII of the Civil Rights Act of 1964, as amended, or other applicable federal law.

This Decree is binding upon the EEOC and Family Center Inc. d/b/a Family Mart as to the issues resolved, as well as upon their successors and assigns and persons in privity. The issues resolved by this Decree are those which were alleged in the Charge of Discrimination numbered 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 and asserted in the Complaint in the above styled lawsuit.

The Court being fully advised of the premises doth Order, Adjudge and Decree as follows:

## II. SPECIFIC PROVISIONS

A.      This Court has full jurisdiction to decide this controversy as to the EEOC and Family Center Inc. d/b/a Family Mart

B.      Family Center Inc. d/b/a Family Mart will pay Shiquita Fields the sum of Ten Thousand Dollars ($10,000.00) as a monetary settlement of this lawsuit and any claims arising out of EEOC Charge number 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. As a condition for receiving the monetary relief provided for herein, Shiquita Fields shall sign a Release as to any and all claims arising out of the underlying Charge and this lawsuit.

C.      The Defendant shall not retaliate in any manner against Shiquita Fields or any person who participated in this lawsuit or in the investigation of the Charge underlying this lawsuit.

      D.      Family Center Inc. d/b/a Family Mart will not use sex as a factor when filling any position.

      E.      Family Center Inc. d/b/a Family Mart has asserted that it is its policy to provide in response to a reference request, only the dates of employment and the job that the employee held. However, Family Center Inc. d/b/a Family Mart shall provide Shiquita Fields with a reference as outlined in Exhibit A to this Decree. Family Center Inc. d/b/a Family Mart will respond to all requests for reference and inquiries concerning Shiquita Fields by providing only the dates of employment and the jobs that Shiquita Fields held. This provision survives the expiration of this Decree.

      F.      The EEOC agrees that it will not bring any further action against Family Center Inc. d/b/a Family Mart for any allegations which are the subject of the Charge of Discrimination No. 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 or the present Complaint, except the EEOC shall not be prohibited by this provision from proceeding against Family Center Inc. d/b/a Family Mart for non-compliance with any provision of this Decree.

      G.      The EEOC is not seeking attorney's fees or costs against Family Center Inc. d/b/a Family Mart; and Family Center Inc. d/b/a Family Mart will not seek attorney fees or costs against the EEOC.

If the terms and conditions of this Decree are violated or breached, the parties may petition the Court for further Orders, adjudication and relief in this matter.

SIGNED and ORDERED this __20th__ day of __September__, 2000.

_Sharon Lovelace Blackburn_
UNITED STATES DISTRICT JUDGE

By Consent:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

C. Gregory Stewart
General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
1801 "L" Street, Northwest
Washington, D.C. 20507

_Jill Lolley Vincent_
Jill Lolley Vincent
Regional Attorney(Acting)

_Mildred Byrd_
Mildred Byrd(LA 03741)
Supervisory Trial Attorney

_J. Mark Graham_
J. Mark Graham(LA 06216)
Senior Trial Attorney

4

Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 731-1172


FAMILY CENTER INC. d/b/a FAMILY MART

*Sheryl R. Martin* (signature)

Ms. Sheryl R. Martin, Esq.
The Great Atlantic and Pacific Tea Company Inc.
Legal Department
2 Paragon Drive
Montvale, New Jersey 07645
Telephone (201) 930-4256

EXHIBIT "A"

To whom it may concern:

Ms. Shiquita Fields was employed at the Decatur Alabama Supermarket of Family Center Inc. d/b/a Family Mart from October 20, 1998 through October 21, 1998. During the time that she was employed she held the position of cashier.

It is the policy of Family Center Inc. d/b/a Family Mart to provide only the above information in response to a reference request.

_____
(Name of individual signing the letter)